*71 MR. JUSTICE MORRISON,
dissenting:
I dissent.
The majority opinion concludes that it is not necessary to decide whether the contract is one of adhesion since there is “no compelling law and nothing in the record to prevent the clause from being enforced.” I am at a loss to understand what is being said.
First, it is necessary to decide whether the provision is one of adhesion. Under the authority cited in the majority opinion, the language is clearly one of adhesion since the investor does face the possibility of being excluded from the securities market unless he or she accepts a contract with such an agreement to arbitrate.
Since this provision is one of adhesion the authorities universally require that it not be enforced unless there is a showing that: (1) the provision is within the reasonable expectations of the parties and (2) is not unduly oppressive, unconscionable or against public policy. Finkle and Ross v. A. G. Becker Paribas, Inc. (D.C.N.Y. 1985), 622 F. Supp. 1505, 1511-12, cited the majority opinion.
There has been no factual determination by the trial court respecting the reasonable expectations of the parties to this agreement. The adhesion provision provided:
“Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof . . . shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect
First, the adhesion provision is not specifically directed to anyone in particular. We do not know whether Passages’ intended for the arbitration agreement to apply to Prudential-Bache, or G.T. Murray, or both. The District Court found that the agreement applied to Prudential-Bache but not to G.T. Murray. The majority finds that the District Court erred in that it would be inappropriate to separate the claims as to the defendants. This action is taken by the majority with no reference to whether application of arbitration to the Murray defendants was within “the reasonable expectations” of the parties. This is a factual determination that was not clearly addressed by the District Court but, if it was addressed, the District Court must have found that Passages did not expect the agreement to apply to Murrays. There is no factual basis for this appellate court to find that the record shows, as a matter of law, that the *72 parties intended the arbitration clause to run to Murrays who are not mentioned in the agreement.
Secondly, there are no facts in the record respecting whether Passages intended the arbitration provision to apply to tort actions. Domke on Commercial Arbitration (Rev.Ed.) states at Section 13:08 that:
“Liability for tort will usually not be an arbitrable issue since parties will hardly have contemplated such occurrence when they made an agreement containing an arbitration clause. Since events of a tortious character are usually not foreseen, such events will not be specifically included in the arbitration agreement so as to later come (sic) arbitrable issues.”
Again, we have no factual determination by the trial court about whether it was within the reasonable expectation of the parties that tort claims would be submitted to arbitration. As indicated by Domke such claims are usually not embraced within arbitration agreements and there would have to be evidence to the contrary showing that the parties did in fact intend to include tort claims within the arbitration provision.
The most amazing aspect of the majority opinion is the position that the issue of whether children’s accounts are included within the arbitration provision is a fact to be determined by arbitration. What a quantum leap in logic!
The children have a right to court access for resolution of their claims unless they have validly relinquished that right through executing an arbitration provision. Whether such contractual consent existed is a factual determination for the District Court. The District Court apparently held the children had not relinquished their rights for court access. The majority begins by denying court access in allowing an arbitrator to decide a factual question that necessarily requires court resolution first. How could the children’s rights be decided by an arbitrator unless they first validly relinquished their right to a judicial determination?
The case should be remanded for factual findings as indicated.